**JEAN PATOU, Inc., Plaintiff,**

v.

**SOCIETE ANONYME SOCIETE TECH-
NIQUE DE PARFUMERIE F.
MILLOT, Defendant.**

United States District Court
S. D. New York.

June 23, 1954.

Lewis G. Bernstein, New York City, for plaintiff.

Mock & Blum, by Asher Blum, New York City, for defendant.

McGOHEY, District Judge.

In an action to challenge the determination of the Patent Office in a trademark proceeding under 15 U.S.C.A. § 1071 defendant moves to dismiss the complaint on the ground that jurisdiction is vested solely in the United States District Court for the District of Columbia under Title 35 U.S.C. § 145 [evidently § 146 was intended and the argument proceeded on that assumption].

35 U.S.C. § 146 provides in part:

"Any party to an interference dissatisfied with the decision of the board of patent interferences on the question of priority, may have remedy by civil action * * *.

"Such suit may be instituted against the party in interest as shown by the records of the Patent Office at the time of the decision complained of, but any party in interest may become a party to the acton [sic]. If there be adverse parties residing in a plurality of districts not embraced within the same state, or an adverse party residing in a foreign country, the United States District Court for the District of Columbia shall have jurisdiction and may issue summons against the adverse parties directed to the marshal of any district in which any adverse party resides. Summons against adverse parties residing in foreign countries may be served by publication or otherwise as the court directs. The Commissioner shall not be a necessary party * * *."

It is defendant's contention that since it is a foreign corporation the above section gives to the District Court of the District of Columbia exclusive jurisdiction over the subject matter; that therefore this court may not entertain the action. It further contends that service of process on the agent appointed by it pursuant to 15 U.S.C.A. § 1051(d) is likewise invalid since service can only be made as directed by the District Court for the District of Columbia.

It seems obvious that Section 146 gives the right to bring a civil action in any court of competent jurisdiction and that therefore any District Court has jurisdiction of the subject matter. In addi-

tion the second paragraph confers jurisdiction on the District Court for the District of Columbia in two types of cases where personal jurisdiction would otherwise be difficult or impossible to obtain.

In the present case such difficulty does not exist since Millot had made itself available for suit in this District by prior consent as it evidenced by appointing its attorneys in this district as its agent for service of process.[1] Since this court has jurisdiction of the subject matter and defendant has consented to suit here, the motion to dismiss must be denied.

Settle order.

1. Neirbo Co. v. Bethlehem Shipbuilding Corp., 308 U.S. 165, 166, 60 S.Ct. 153, 84 L.Ed. 167.